UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-6075-DMG (MRWx)** | Date | June 6, 2022 |
|---|---|---|---|
| Title | ***Carl Thieroff, et al. v. Marine Spill Response Corporation, et al.*** | Page | 1 of 11 |

Present: The Honorable DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS [20]**

On October 22, 2021, Plaintiffs Carl Thieroff and Joshua Kahane filed their operative First Amended Complaint ("FAC") bringing this putative class action against Defendant Marine Spill Response Corporation. [Doc. # 17.] On November 19, 2021, Defendant filed a Motion to Dismiss ("MTD"). [Doc. # 20.] The MTD is fully briefed. [Doc. ## 21 ("Opp."), 22 ("Reply")]. For the reasons stated below, the Court **GRANTS** the MTD.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant is an oil spill response organization that operates facilities throughout California. FAC ¶ 8. Plaintiffs currently work for Defendant as "responders" and are tasked with "preventative maintenance, site assessment for oil drilling, controlling oil containment apparatuses and safety gear, . . . and maintenance of company spill equipment." FAC ¶¶ 5–6.

Plaintiffs bring this putative class action against Defendant on behalf of themselves and the class they seek to represent (collectively, the "Plaintiff Class"). FAC ¶ 1. The Plaintiff Class consists of all non-exempt employees currently or formerly employed by Defendant from a period beginning four years prior to the filing of the complaint and running through to the present (the "Relevant Time Period"). *Id.* at ¶¶ 1–2. Plaintiffs allege that during the Relevant Time Period, Defendant violated state law by: (1) failing to pay overtime compensation; (2) failing to pay wages for hours worked; (3) failing to provide meal periods; (4) failing to provide rest periods; (5) failing to pay for reporting time; (6) failing to furnish accurate itemized statements; (7) failing to reimburse employees for required expenses; (8) failing to pay wages at least twice in a calendar month; (9) failing to pay wages upon termination of employment; and

[1] The Court assumes the truth of the factual allegations in Plaintiffs' FAC solely for the purpose of deciding Defendant's MTD.

(10) engaging in unlawful competition and unlawful business practices. Plaintiffs seek various remedies for the above claims, as well as (11) civil penalties under the Private Attorneys General Act ("PAGA"). *See generally*, *id.*

**II.**
**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) states that a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss, a court may consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

**III.**
**DISCUSSION**

**A. Request for Judicial Notice**

The Court first considers Defendant's Request for Judicial Notice ("RJN"). [Doc. # 20-2.] Defendant asks the Court to take judicial notice of: (1) the Collective Bargaining Agreement ("CBA") between Defendant and the Inlandboatmen's Union of the Pacific, Marine Division of

the International Longshore and Warehouse Union, Southern California Region (the "Union"), as ratified on May 5, 2015 ("2015 CBA") [Doc. # 20-3]; (2) the CBA between Defendant and the Union as ratified on June 29, 2018 ("2018 CBA") [Doc. # 20-4]; (3) an amendment and extension of the CBA between Defendant and the Union executed on May 15, 2020 [Doc. # 20-5]; (4) a policy document expressly incorporated into the CBA between Defendant and the Union [Doc. # 20-6]; (5) grievance forms filed by Plaintiff Kahane with the Union regarding claimed violations of the CBA [Doc. # 20-7]; (6) the California Department of Industrial Relations Division of Labor Standards Enforcement Opinion Letter 2001.12.09-1 regarding On-Duty Meal Periods [Doc. # 20-8]; and (7) Industrial Welfare Commission Wage Order No. 16 ("Wage Order 16") [Doc. # 20-9].

Defendant claims that during the Relevant Time Period, Plaintiffs were represented by the Union, and that the terms and conditions of their employment were governed by the 2015 CBA and the 2018 CBA (collectively, the "CBAs") between Defendant and the Union. MTD at 8–9.[2] Defendant refers to the CBAs to argue that the CBAs, and not state law, govern Plaintiffs' claims. *See* MTD at 14-16. In doing so, Defendant asserts that section 301 of the Labor-Management Relations Act ("LMRA"), which provides federal jurisdiction of "[s]uits for violation of contracts between an employer and a labor organization," 29 U.S.C. § 185, completely preempts Plaintiffs' state causes of action. *See* MTD at 14-16.

"[A] federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims." *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998). Federal courts may therefore take notice of collective bargaining agreements in Rule 12(b)(6) motions when they form the basis for complete preemption arguments. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1192–93 (C.D. Cal. 2015). Because Defendant relies on the CBAs to argue complete preemption of Plaintiffs' claims by the LMRA, the Court takes judicial notice of them.

Federal courts may also take judicial notice of state records not subject to reasonable dispute. *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004). The Court therefore takes judicial notice of Wage Order 16.

The Court does not find it necessary to rely on the remainder of the documents to resolve the MTD and accordingly declines to take judicial notice of them.

[2] All page references herein are to the page numbers inserted by the CM/ECF system.

**B. First Cause of Action: Failure to Pay Overtime**

Plaintiffs allege that during the Relevant Time Period, Defendant failed to pay members of the Plaintiff Class for overtime work at the required overtime rate as required under California Labor Code section 510. FAC ¶¶ 35–54. California Labor Code section 514, however, provides that section 510's overtime requirements "do not apply to an employee covered by a valid collective bargaining agreement if the agreement [(1)] expressly provides for the wages, hours of work, and working conditions of the employees, and [(2)] if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Here, Plaintiffs were and are governed by the CBAs that expressly provide for wages, hours of work, and working conditions. *See generally*, 2015 CBA; 2018 CBA. Moreover, as Plaintiffs concede, the agreements provide for premium wage rates for overtime hours and a regular hourly rate more than 30 percent above the California minimum wage. *See* Opp. at 11. Because the requirements of section 514 have been met, Plaintiffs' overtime claim based on section 510 is statutorily barred.

Plaintiffs primarily argue that the CBAs do not satisfy the requirements of section 514 because, for each of them, "the CBA is unclear *when* the CBA guarantees overtime pay to unionized employees, and is unclear about what conditions are necessary for overtime pay to be approved." Opp. 10. Plaintiffs' argument lacks merit. First, the CBAs do specify when overtime is to be paid—they define overtime hours "in accordance with the requirements of federal and state law," and therefore incorporate federal and state law on when overtime pay is guaranteed. 2015 CBA § 9.1; 2018 CBA § 9.1. Second, the plain language of section 514 does not require the CBAs to delineate the exact circumstances in which overtime may be approved, mandating only that such agreements "provide[] for premium wage rates for overtime hours." Cal. Lab. Code § 514. Here, it is enough that the CBAs provide overtime pay for overtime hours. The CBAs are not also required to guarantee the approval of overtime hours in a set number of situations.

Plaintiffs additionally argue that the CBAs do not satisfy the requirements of section 514 because Defendant did not actually pay an overtime rate for all overtime hours worked. Opp. at 11. But section 514 is conditioned on the *terms* of the collective bargaining agreement, not on the actual behavior of the employer. *See Mauia v. Petrochem Insulation, Inc.*, No. 18-CV-01815-MEJ, 2018 WL 3241049, at *5 (N.D. Cal. July 3, 2018) ("The plain meaning of [section 514] does not require courts to determine whether any given employee: (1) was actually paid overtime wages for all hours worked, or (2) was paid for every regular hour worked at not less

than 130% of the minimum wage."). Therefore, section 514 applies in the present case regardless of whether Defendant actually paid overtime wages to Plaintiffs.

Because Plaintiffs' California Labor Code section 510 overtime claim is statutorily barred by California Labor Code section 514, Plaintiffs' right to overtime arises solely as a result of the CBAs and is completely preempted by the LMRA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019) (claims statutorily barred by section 514 are preempted by the LMRA); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) ("If the right exists solely as a result of the CBA, then the claim is preempted . . . ."). Moreover, because Plaintiffs concede they have failed to exhaust the mandatory grievance procedures set forth in the CBAs, *see* Opp. at 27-28, Plaintiffs are barred from bringing their overtime claim under the CBAs. *Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990) ("As a general rule, members of a collective bargaining unit must first exhaust contractual grievance procedures before bringing an action for breach of the collective bargaining agreement.").

Plaintiffs argue that the mandatory grievance procedures set forth in the CBAs are unenforceable because they are unconscionable under California law. Opp. 27–30. As a preliminary matter, "federal substantive law[, not California law,] governs the validity and enforcement of contracts under the LMRA." *Dryer v. Los Angeles Rams*, 40 Cal. 3d 406, 411 (1985) (declining to undertake a California-based unconscionability inquiry into the "fairness of the arbitration machinery"). Here, federal law does not permit invalidation of the grievance procedures in the CBAs. Plaintiffs complain that they "were required to take the CBA as it was," suggesting a lack of opportunity for meaningful negotiation. Opp. 28. But "in this circuit . . . parties to a collective bargaining agreement are conclusively presumed to have equal bargaining strength." *Waggoner v. Dallaire*, 649 F.2d 1362, 1367 (9th Cir. 1981). Plaintiffs next complain of the complicated series of steps they must take to have their grievances arbitrated. Opp. 29–30. Federal law, however, normally requires an aggrieved employee to exhaust available grievance procedures before claiming that the grievance procedures are inadequate. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653 (1965). "A contrary rule . . . would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit . . . [and] deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances." *Id.*

Accordingly, the MTD as to Plaintiffs' claim for failure to pay overtime is **GRANTED**, without leave to amend.

**C. Second Cause of Action: Failure to Pay Wages for Hours Worked**

Plaintiffs allege that Defendant violated California Labor Code section 1194 by failing to pay minimum wages for some of the hours that members of the Plaintiff Class worked. FAC ¶¶ 55–66. Plaintiffs have not adequately alleged, however, facts demonstrating such a violation.

Rule 8 of the Federal Rules of Civil Procedure does not require Plaintiffs "to plead in detail the number of hours worked, their wages, or the amount of overtime owed to a state a claim for unpaid minimum wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 642 (9th Cir. 2014). But the Ninth Circuit in *Landers* held that Rule 8 requires, at a minimum, that Plaintiffs "allege facts showing that there was a given week in which [Plaintiffs were] entitled to but denied minimum wages." *Id.* at 645. Although the holding in *Landers* was made in the context of the Fair Labor Standards Act ("FLSA"), its reasoning applies with equal force to minimum wage claims brought under the California Labor Code. *See Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679, 680 (9th Cir. 2020).

Here, Plaintiffs have not pointed to a single week where they were "entitled to but denied minimum wages." *Landers*, 771 F.3d at 645. Plaintiffs only generally allege that Defendant did not compensate Plaintiffs for work done "off the clock" and "on breaks," and that Defendant "improperly rounded, changed, adjusted, underpaid, and/or modified certain employees' hours." FAC ¶¶ 58, 61. Such allegations, devoid of any specific or concrete examples, are too vague to "nudge [Plaintiffs'] claim from the realm of mere conjecture to the realm of plausibility." *Landers*, 771 F.3d at 642 (quotation marks and citation omitted). Moreover, to the extent this claim is derivative of the overtime claim or is otherwise covered by the CBAs, it is preempted as discussed above.

Plaintiffs, apparently recognizing this deficiency in their complaint, assert in their Opposition brief that on October 9, 2021, Plaintiff Kahane worked his regular shift from home and was not paid. Opp. 16. But Plaintiffs have not pled this fact in their FAC and may not amend their FAC through a brief filed in opposition to a motion to dismiss. *See Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1231 (N.D. Cal. 2019) ("[T]he Court does not consider what Plaintiff *intended* to allege, but rather, considers what *is* alleged in the SAC."); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.").

Because Plaintiffs have failed to adequately allege that Defendant failed to pay their wages for hours that they worked, the MTD as to Plaintiffs' second claim is **GRANTED**. As it

is unclear whether additional facts could cure the inadequacy of the pleading, Plaintiffs are **GRANTED** leave to amend this claim.

**D. Third and Fourth Causes of Action: Failure to Provide Meal and Rest Periods**

Plaintiffs allege that during the Relevant Time Period, Defendant failed to provide members of the Plaintiff Class meal and rest periods as required under sections 10 and 11 of Wage Order 16, 8 C.C.R. § 11160, and section 512 of the California Labor Code. FAC ¶¶ 67–81. These claims, like Plaintiffs' overtime claim, are statutorily barred.

California meal period requirements under section 10 of Wage Order 16 do not apply to employees governed by a valid collective bargaining agreement satisfying the same conditions delineated in section 514 of the California Labor Code. *See* Wage Order 16 § 10(E); Cal. Lab. Code § 514. Because the Court has determined that Plaintiffs are governed by CBAs that satisfy these conditions, Plaintiffs' meal period claim fails to the extent that it relies on Wage Order 16.

California Labor Code section 512's meal period requirements similarly do not apply to employees governed by a valid collective bargaining agreement if three additional conditions are met: (1) the employees are employed in a construction occupation, (2) the agreement "expressly provides for meal periods," and (3) the agreement expressly provides for "final and binding arbitration of disputes concerning application of its meal period provisions." Cal. Lab. Code § 512(e)–(f). Construction occupations include jobs involving "alteration, demolition, building, excavation, renovation, remodeling, maintenance, improvement, and repair." Cal. Lab. Code § 512(g)(2). Here, the parties do not dispute that Plaintiffs, whose work involves "preventative maintenance, . . . and maintenance of company spill equipment," FAC ¶¶ 5–6, hold construction occupations. Moreover, the CBAs expressly provide for meal periods as well as final and binding arbitration of disputes concerning application of its meal period provisions.[3] *See* 2015 CBA §§ 9.3, 15; 2018 CBA §§ 9.3, 15. Accordingly, Plaintiffs' meal period claim fails to the extent that it relies on California Labor Code section 512.

California rest period requirements under section 11 of Wage Order 16 do not apply to "an employee covered by a valid collective bargaining agreement if the collective bargaining

[3] Plaintiffs' argument that the CBAs do not require binding arbitration of meal period disputes is unavailing. *See* Opp. 18–19. Plaintiffs correctly point out that Article 13.7 of the CBAs only require arbitration for disputes concerning employee classifications and pay rates. *See* 2015 CBA § 13.7; 2018 CBA § 13.7. But the CBAs additionally provide a grievance procedure that includes arbitration for "any difference arising between the parties as to the interpretation, application or performance of any part of this Agreement," which includes the meal period provision. 2015 CBA § 15.1; 2018 CBA § 15.1.

agreement provides equivalent protection." Here, much like with overtime pay, the CBAs provide equivalent protection for rest breaks, stating that employees are authorized and permitted to take rest breaks "as required by federal and state law." 2015 CBA § 9.3; 2018 CBA § 9.3. Plaintiffs therefore cannot state a claim under section 11 of Wage Order 16.

Plaintiffs nevertheless complain that the language of the CBAs do not adequately incorporate Wage Order 16 section 11(D)'s requirement that "[if] an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not provided." Wage Order 16 § 11(D). But section 11(D) also clarifies that "[i]n cases where a valid collective bargaining agreement provides [a] final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions, the collective bargaining agreement will prevail." *Id.* Because the CBAs do provide a final and binding mechanism for resolving rest period disagreements, *see* 2015 CBA § 15.1; 2018 CBA § 15.1, they do not need to provide for the same one hour per day remedy described in section 11(D) of Wage Order 16. *See Zayerz v. Kiewit Infrastructure W.*, No. 16-CV-6405-PSG (PJW), 2018 WL 582318, at *4 (C.D. Cal. Jan. 18, 2018) (holding that a collective bargaining agreement providing employees the same right to rest periods, but without providing the same remedy for a violation of that right, met the requirements for section 11(E)'s exception).

Because Plaintiffs' meal and rest period claims are statutorily barred, their claims arise solely as a result of the CBAs and are completely preempted by the LMRA. *See Burnside*, 491 F.3d at 1059. Plaintiffs therefore cannot bring their meal and rest period claims in this forum. *See Carr*, 904 F.2d at 1317. Accordingly, the MTD as to Plaintiffs' third and fourth claims is **GRANTED**, without leave to amend.

### E. Fifth Cause of Action: Failure to Pay Reporting Time

Plaintiffs allege that Defendant violated Wage Order 16 section 5 by failing to provide members of the Plaintiff Class reporting time pay. FAC ¶¶ 82–93. The facts Plaintiffs have alleged in connection with this cause of action, however, do not support a violation of section 5.

Section 5 requires employers to compensate employees for "[a]ll employer-mandated travel that occurs after the first location where the employee's presence is required by the employer." Wage Order 16 § 5(A). Section 5 additionally requires compensation for "[e]ach workday that an employee is required to report to the work site and does report, but is not put to work, or is furnished less than half of his or her usual or scheduled day's work." *Id.* at § 5(B).

Here, Plaintiffs do not complain of uncompensated travel-time or any other uncompensated reporting time where they reported to a work site but were furnished with less than half their usual or scheduled day's work. Rather, Plaintiffs complain of not being paid for time they spent "on-call," during which they must be ready to report work. *See* FAC ¶¶ 82–93. Because Wage Order 16 section 5 does not mandate that an employer compensate employees for such "on-call" time, Plaintiffs have failed to state a claim based on section 5. Moreover, to the extent Plaintiffs' theory of a failure to pay for "on-call" time is duplicative of the claims for failure to pay overtime or for hours worked, the claim fails for the same reasons discussed above.[4]

Accordingly, the MTD as to Plaintiffs' fifth claim is **GRANTED**. As Plaintiffs may still allege additional facts demonstrating a failure to pay reporting time, Plaintiffs are **GRANTED** leave to amend this claim.

**F. Seventh Cause of Action: Failure to Reimburse Required Expenses**

Plaintiffs allege that Defendant failed to reimburse members of the Plaintiff Class for personal expenses they incurred in the discharge of their job duties. FAC ¶¶ 101–104. Plaintiffs fail to allege sufficient facts supporting their claim.

California Labor Code section 2802, under which Plaintiffs bring their claim, provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ." Cal. Lab. Code § 2802(a). Plaintiffs assert that they "frequently used their own cell phones, laptops and other equipment for work purposes without reimbursement." FAC ¶ 13. They further assert that the expenses they incurred "were necessary to complete their principal job duties." FAC ¶ 103. Beyond that, Plaintiffs plead little to no additional facts.

Section 2802 requires employers to reimburse employees, not for all of their expenditures, but only those that are "necessary." *See* Cal. Lab. Code § 2802(a). Plaintiffs' assertion that the expenses they incurred were "necessary" is conclusory and unsupported by any factual allegations. *See Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 568 (2007) (whether an expense is necessary "depends on the reasonableness of the employee's choices"); *Grissom v. Vons Companies, Inc.*, 1 Cal. App. 4th 52, 58 (1991) ("[A]scertaining what was a necessary expenditure will require an inquiry into what was reasonable under the

---

[4] Defendant also argues that Plaintiffs' reporting time claim is preempted by the LMRA. Reply 13–14. As Defendant raises this argument for the first time in its Reply brief, the Court declines to consider it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

circumstances.”). Although Plaintiffs’ state in their opposition brief that Defendant frequently contacted Plaintiffs on their personal cell phones with work-related inquiries, *see* Opp. at 24, the Court declines to permit Plaintiffs to amend their complaint through their briefing. *See Diamond S.J.*, 395 F. Supp. 3d at 1231.

Because Plaintiffs have not adequately alleged that the personal expenses they incurred were necessary to the performance of their jobs, the MTD as to Plaintiffs’ seventh claim is **GRANTED**. Plaintiffs are **GRANTED** leave to amend this claim.

### G. Ninth Cause of Action: Failure to Pay Wages Upon Termination of Employment

Plaintiffs allege that Defendant failed to timely pay members of the Plaintiff Class their wages upon the termination of their employment. FAC ¶¶ 110–113. Because Plaintiffs are still employed by Defendant, *see* FAC ¶¶ 5–6, they are not entitled to any penalties for a late or unpaid final paycheck. As such, they lack standing to bring the claim. *See Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1070 (N.D. Cal. 2018).

Accordingly, the MTD as to Plaintiffs’ ninth claim is **GRANTED**, without leave to amend.

### H. Remaining Causes of Action

Plaintiffs’ remaining four causes of action consist of claims for failure to furnish accurate itemized statements, failure to pay wages at least twice in a calendar month claim, unlawful competition and unlawful business practices, and a PAGA claim. *See* FAC ¶¶ 94–100, 105–109, 114–142. These claims are derivative of the previous causes of action. *See id.* Because the previous claims are either preempted or are not adequately pleaded, the derivative claims must also fail.

Accordingly, the MTD as to Plaintiffs’ sixth, eighth, tenth, and eleventh claims is **GRANTED**. To the extent these claims are based on the claims above for which the Court granted leave to amend, the Court also **GRANTS** Plaintiffs leave to amend these claims.

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants’ MTD. Plaintiffs’ first, third, and fourth causes of action are **DISMISSED with prejudice**. The ninth cause of action is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL



**DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiffs are **GRANTED** leave to amend their remaining causes of action. Plaintiffs shall file a Second Amended Complaint ("SAC"), or file a notice of intent not to amend, by **June 27, 2022**. Defendant shall file its response within 21 days after the filing of an SAC.

**IT IS SO ORDERED**.