# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARL THIEROFF, an individual; JOSHUA KAHANE, an individual; PHILLIP WALTON, an individual; on behalf of themselves and a Class of all other persons similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>MARINE SPILL RESPONSE CORPORATION, a Tennessee Corporation; and DOES 1 through 100, inclusive,<br><br>                Defendants. | **Case No.: CV 21-6075-GW-MRWx**<br><br>**<u>CLASS AND PAGA REPRESENTATIVE ACTION</u>**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT AND FINAL JUDGMENT**<br><br>Date:    April 22, 2024<br>Time:   8:30 a.m.<br>Judge:  Hon. George H. Wu<br><br>State Court Compl. Filed:   5/14/21<br>Removal Filed:               7/28/21<br>1st Amended Compl. Filed:  10/22/21<br>2nd Amended Compl. Filed: 6/27/22<br>3rd Amended Compl. Filed:  7/15/22<br>4th Amended Compl. Filed:  4/19/23<br>Trial Date:                       None |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

The Motion for Final Approval of Class Action Settlement came before this Court on April 22, 2204.

**WHEREAS**, the Court granted preliminary approval of the Joint Stipulation and Settlement Agreement ("Settlement Agreement") on December 14, 2023.

**WHEREAS**, Plaintiffs CARL THIEROFF, JOSHUA KAHANE, and PHILLIP WALTON have applied to the Court for an order granting final approval of the Settlement Agreement.

**WHEREAS**, the Settlement Agreement sets forth the terms and conditions of the proposed Settlement and for entry of an order of final approval and entry of final judgment thereon. The Court having read and considered Plaintiffs' Motion for Final Approval of Class and Representative Action Settlement; Motion for Approval of Approval of Attorneys' Fees, Costs and Class Representatives' Incentive Payments; the Declarations of David R. Markham, Michael Singer, Plaintiffs Carl Thieroff, Joshua Kahane and Phillip Walton, and Makenna Snow of ILYM Group, Inc. and the supporting documents annexed thereto, now finds:

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED:**

1. All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement filed with this Court on November 6, 2023 (Dkt. No. 66-2).

2. The Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement.

3. The terms of the Settlement are fair, just, reasonable, and adequate, to the Settlement Class and to each Settlement Class Member. In reaching this conclusion the Court has specifically considered the relevant factors, including "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered

1

*Thieroff v. Marine Spill Response Corp.*, Case No. 2:21-cv-06075-GW-MRW
Proposed Order Granting Final Approval of Class and Representative Action Settlement and Final Judgment

in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *See In re Online DVD-Rental Antitrust Litig.,* 779 F.3d 934, 944 (9th Cir. 2015) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir. 2004)).

4.  The Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5.  The Parties are hereby directed to perform the terms of the Settlement as described in the Settlement Agreement according to its terms and provisions.

6.  The Settlement Agreement is binding on Plaintiffs and all other Settlement Class Members, except those who timely and properly submitted Requests for Exclusions, as well as their heirs, successors, and assigns.

7.  There are zero valid requests for exclusion.

8.  There are zero objections.

9.  It is ordered that the Settlement Class is certified for settlement purposes only. The Court finds that with respect to the Settlement Class and for purposes of approving this Settlement only that: (a) the members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class with respect to the subject matter of the Action; (c) the claims of Class Representative Plaintiffs Carl Thieroff, Joshua Kahane and Phillip Walton are typical of the claims of the members of the Settlement Class; (d) the Class Representatives have fairly and adequately protected the interests of the members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the Class Counsel are qualified to serve as counsel for Plaintiffs in their individual and representative capacities for the Class.

10. The Court finds that the Notice and notice methodology implemented pursuant to this Settlement: (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and their right to appear at the Final Settlement Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) satisfied requirements of law and due process.  The Court also finds that the Notice and notice methodology implemented fully complied with Federal Rule of Civil Procedure 23(c)(2).

11. The Court finds that notice on the "appropriate federal official" and "appropriate state officials" fully complied with 28 U.S.C § 1715.

12. The Settlement Class is hereby made final. The Settlement Class is defined as: All persons currently or formerly employed by MSRC in the State of California as non-exempt Responders, or as other non-exempt response-related employees in a position with similar job duties and/or titles, at any time during the Class Period.

13. The Class Period is May 14, 2017 to December 31, 2023.

14. The Settlement Agreement is not an admission by Defendant, nor is this Final Order a finding of the validity of any allegations or of any wrongdoing by Defendant.  Neither this Final Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

15. Pursuant to the Settlement Agreement, upon entry of this Final Order, Plaintiffs and each Settlement Class Member shall fully release and discharge the Released Parties pursuant to the following release, which provides: All Class Members who have not opted out will release and discharge the Released Parties from all claims, demands, rights, liabilities and causes of action that were pled in the initial Complaint, First Amended Complaint, Second Amended Complaint, Third Amended Complaint,

3

*Thieroff v. Marine Spill Response Corp.*, Case No. 2:21-cv-06075-GW-MRW
Proposed Order Granting Final Approval of Class and Representative Action Settlement and Final Judgment

Fourth Amended Complaint, and/or letter to the LWDA pursuant to PAGA, or which could have been asserted based on the factual allegations and claims therein, that arose during the Class Period and/or PAGA Period, including but not limited to the following claims: (1) failure to pay overtime compensation; (2) failure to pay minimum and/or regular wages; (3) failure to pay reporting time pay; (4) failure to pay on-call pay; (5) failure to pay wages for all hours worked; (6) failure to provide meal periods; (7) failure to provide rest breaks; (8) failure to pay wages due and payable twice monthly; (9) failure to timely pay wages upon termination of employment; (10) failure to provide accurate itemized wage statements; (11) failure to reimburse necessary business expenses; (12) unlawful competition and unlawful business practices; and (13) civil penalties pursuant to PAGA.

16. Plaintiffs and all Settlement Class Members who have not been timely and properly excluded from the Settlement Class, and any person acting on their behalf, are permanently barred and enjoined from: (i) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, in any state or federal court, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on the Released Claims; and (ii) organizing such non-excluded Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit based on or relating to the Released Claims.

17. The Settlement Agreement provides that the Gross Fund Value is $325,000. The Net Fund Value shall be determined according to the terms of the Settlement Agreement as approved herein. The Court orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement Agreement.

4

*Thieroff v. Marine Spill Response Corp.,* Case No. 2:21-cv-06075-GW-MRW
Proposed Order Granting Final Approval of Class and Representative Action Settlement and Final Judgment

18. The Court hereby finds that Plaintiffs and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the settlement.

19. The Court confirms The Markham Law Firm and Cohelan, Khoury and Singer as Class Counsel.

20. The Court finds and determines that the Individual Settlement Payments to be paid to Participating Class Members as provided by the Settlement Agreement are fair and reasonable. The Court gives final approval to and orders payment of those amounts to be made to Participating Class Members in accordance with the Settlement Agreement.

21. The Court finds and determines that the PAGA Payment in the amount of $13,000 is fair, reasonable, and appropriate. The Court further finds the allocation of the PAGA payment, seventy-five percent (75%) of the PAGA Penalties being allocated to the LWDA in the amount of $9,750 and the remaining twenty-five percent (25%) in the amount of $3,250 shall be allocated to the Participating Class Members, as fair, reasonable, and appropriate.

22. The Court finds and determines that the fees and expenses in administering the Settlement incurred by ILYM Group, Inc. in the amount of $3,000 is fair and reasonable. The Court gives final approval to and orders payment of that amount in accordance with the Settlement.

23. The Court finds and determines that the Class Representatives' Incentive Payments in the sum of $10,000 to each Plaintiff Carl Thieroff, Joshua Kahane and Phillip Walton are fair and reasonable. The Court hereby orders the Settlement Administrator make these payments to Plaintiffs Thieroff, Kahane and Walton in accordance with the terms of Settlement Agreement.

24. Pursuant to the terms of the Settlement, and the authorities, evidence and argument submitted by Class Counsel, the Court awards Class Counsel attorneys' fees in the sum of $81,250 and out-of-pocket litigation costs of $10,501.49. The Court finds such

5

*Thieroff v. Marine Spill Response Corp.,* Case No. 2:21-cv-06075-GW-MRW
Proposed Order Granting Final Approval of Class and Representative Action Settlement
and Final Judgment

amounts to be fair and reasonable. The Court orders the Settlement Administrator to make these payments in accordance with the terms of the Settlement Agreement.

25.     If a Settlement Class Member does not cash his or her settlement check within 180 calendar days, the Settlement Administrator shall send the unclaimed monies to the State of California Office of the Controller Unclaimed Property Fund in the name of the Participating Class Members who did not cash his/her Settlement check.

26.     Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for in the Settlement Agreement.

27.     The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of this Stipulation and all exhibits attached hereto as (i) are consistent with the Final Judgment; and (ii) do not limit the rights of Settlement Class Members under the Stipulation.

28.     With the consent of the Parties, without affecting the finality of the Final Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, and the Settlement Class, as well as the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the interpretation, consummation, enforcement, or implementation of the Settlement shall be presented by motion to the Court; provided however, that nothing in this Paragraph shall restrict the ability of the Parties to exercise their rights to terminate the Settlement pursuant to the terms of the Settlement Agreement.

29.     Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make payments to the participating Settlement Class Members in accordance with the Settlement.

30.     Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and

6

*Thieroff v. Marine Spill Response Corp.,* Case No. 2:21-cv-06075-GW-MRW
Proposed Order Granting Final Approval of Class and Representative Action Settlement and Final Judgment

counsel for the Parties which shall be filed with the Court on or before December 16, 2024.

31. This Final Order shall constitute a final judgment.

32. Except as provided in paragraph 28, above, the Court hereby dismisses the action (including all individual claims and Released Claims presented thereby) with prejudice, without fees or costs to any party except as provided in the Settlement Agreement.

33. The Parties will bear their own costs and attorneys' fees except as otherwise provided by this Court's Order awarding Class Counsels' Award for attorneys' fees and litigation costs.

DATED: April 23, 2024

_____
HON. GEORGE H. WU,
United States District Judge

7

*Thieroff v. Marine Spill Response Corp.*, Case No. 2:21-cv-06075-GW-MRW
Proposed Order Granting Final Approval of Class and Representative Action Settlement and Final Judgment